```
McGREGOR W. SCOTT
United States Attorney
KRISTIN S. DOOR, SBN 84307
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916)554-2723

Attorneys for Plaintiff
United States of America
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | 2:07-cv-00974-LKK-KJM |
| ) | |
| Plaintiff, ) | FINAL JUDGMENT |
| ) | |
| v. ) | |
| ) | |
| REAL PROPERTY LOCATED AT 6874 ) | |
| ALMANOR LAKE ESTATES DRIVE, ) | |
| LAKE ALMANOR, CALIFORNIA, ) | |
| PLUMAS COUNTY, APN: ) | |
| 106-114-011, INCLUDING ALL ) | |
| APPURTENANCES AND IMPROVEMENTS ) | |
| THERETO, ) | |
| ) | |
| Defendant. ) | |

Pursuant to the Stipulation for Final Judgment, the Court finds:

1. This is a civil forfeiture action against certain real property located at 6874 Almanor Lake Estates Drive, Lake Almanor, California, Plumas County, APN: 106-114-011, (hereafter referred to as the "defendant real property") and more fully described as:

PARCEL A:

LOT 7 AS SHOWN ON THAT CERTAIN MAP ENTITLED "ALMANOR

1

1 | LAKE ESTATES UNIT NO. 1", FILED OCTOBER 6, 1975 IN
2 | THE OFFICE OF THE COUNTY RECORDER OF PLUMAS COUNTY, CALIFORNIA IN BOOK 4 OF MAPS AT PAGE 61.

3 | PARCEL B:

4 | AN EASEMENT FOR INGRESS, EGRESS AND PUBLIC UTILITIES
5 | OVER AND ACROSS THAT CERTAIN EXISTING 60 FOOT ROADWAY EASEMENT AS SHOWN ON THAT CERTAIN MAP ENTITLED
6 | "ALMANOR LAKE ESTATES UNIT NO. 1", FILED OCTOBER 6, 1975 IN THE OFFICE OF THE COUNTY RECORDER OF PLUMAS
7 | COUNTY, CALIFORNIA IN BOOK 4 OF MAPS AT PAGE 61.

8   2. On May 24, 2007, the United States filed a Verified Complaint for Forfeiture *In Rem* alleging that the defendant real property was subject to forfeiture on the grounds that said real property was used or intended to be used, in any manner or part, to commit, or to facilitate the commission of a violation of 21 U.S.C. § 841 *et seq.*, an offense punishable by more than one year's imprisonment, and is therefore subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(7).

  3. The recorded owners of the defendant real property are Peter J. Buchanan, an unmarried man, as to an undivided one-half interest and Kurt Raymond Karst and Monica Maureen Karst, as Trustees of the Kurt and Monica Karst Family Trust Dated November 30, 2001, (created under Declaration of Trust dated November 30, 2001) as to an undivided one-half interest.

  4. On July 11, 18, 25 and August 1, 2007, a Public Notice of Posting of the defendant real property appeared by publication in the Feather River Bulletin (Plumas County), a newspaper of general circulation in the county in which the defendant real property is located.

  5. On June 29, 2007, the defendant real property was posted with the verified complaint and notice of complaint by the

2

1 U.S. Marshals Service.

2     6. On July 18, 2007, Claimant Bank of America, N.A. filed a claim and answer as the beneficiary under the Deed of Trust encumbering the defendant real property. The Deed of Trust, dated May 21, 2003, was given to secure a Promissory Note ("Note") in the original amount of $233,600.00. The borrowers under the note and trustors under the Deed of Trust are Peter J. Buchanan and Kurt R. Karst. The Deed of Trust was recorded in the official records of the office of the County Recorder of Plumas County on June 2, 2003, as Instrument Number 2003-0005884. As of June 26, 2007, the amount of unpaid principal on the Note is approximately $217,042.45.

    7. On July 27, 2007, Claimants Kurt Karst and Monica Karst, individually and as trustees of the Kurt and Monica Karst Family Revocable Trust, filed a verified statement of interest as to their one-half interest in the defendant real property. On August 3, 2007, an answer to the verified complaint was filed on their behalf.

    8. On July 30, 2007, Claimant Peter Buchanan filed a verified claim as to his one-half interest in the defendant real property. On August 15, 2007, an answer to the verified complaint was filed on his behalf.

    9. On November 8, 2007, Claimant Bank of America N.A. filed a verified statement of interest as the beneficiary under the Second Deed of Trust encumbering the defendant real property, recorded in the Official Records of Plumas County on September 20, 2007 as Instrument Number 2007-0007847. That verified statement claimed an outstanding balance of $171,484.46.

1 However, the parties have since determined that, at the time of
2 the recording of the lis pendens and its service upon Claimant
3 Bank of America, the existing Second Deed of Trust held by
4 Claimant Bank of America had a balance of $100,376.27.
5 Subsequent to the recording of the lis pendens, and prior to
6 claimants Kurt and Monica Karst receiving notice of it, Bank of
7 America gave the Karsts a new Second Deed of Trust with a higher
8 line of credit, and paid off the existing Second Deed of Trust.

9     10.  No other parties have filed claims or answers in this
10 action and the time by which any person or entity may file a
11 claim and answer has expired.

12     Based on the above findings, and the files and records of
13 the Court, it is hereby

14     ORDERED AND ADJUDGED:

15     1.  The Court adopts the Stipulation for Final Judgment of
16 Forfeiture entered into by and between the parties to this
17 action.

18     2.  Judgment is hereby entered against claimants Kurt Karst,
19 Monica Karst, Peter Buchanan and Bank of American, N.A. and all
20 other potential claimants.

21     3.  Claimants Kurt Karst, Monica Karst and Peter Buchanan
22 shall give Bank of America N.A. a deed to the property in lieu of
23 foreclosure and this forfeiture action shall be dismissed.  Prior
24 to deeding the property to Bank of America, N.A., claimants Kurt
25 Karst and Monica Karst and Peter Buchanan shall clear the
26 property of any and all liens that encumber the property, with
27 the exception of Bank of America's first priority deed of trust
28 and second deed of trust liens.

1        4.   Kurt Karst and Monica Karst shall pay Bank of America,
2   N.A. the difference between the amount of the previous second
3   priority deed of trust ($100,376.27) and the current balance owed
4   on the account.  That difference is $76,658.95.  Payment of the
5   difference must be received by Bank of America, N.A. or its
6   attorneys of record, prior to deeding the property to Bank of
7   America, N.A.
8        5.   Claimant Bank of America, N.A. shall not sue Claimants
9   Kurt Karst and Monica Karst or Peter Buchanan personally if the
10  proceeds from the sale of the property are insufficient to pay
11  off the First and Second Deeds of Trust.
12       6.   Claimant Bank of America N.A. shall not submit any new
13  negative credit references against Claimants Kurt and Monica
14  Karst or Peter Buchanan with respect to the second priority deed
15  of trust after the deed in lieu of foreclosure is executed,(but
16  it may report the deed in lieu of foreclosure and will take no
17  action to withdraw any previously filed negative credit
18  references.)
19       7.   Plaintiff United States of America shall record a
20  release of its lis pendens within 30 days of the entry of the
21  Final Judgment.
22       8.   All parties hereby release plaintiff United States of
23  America and its servants, agents, and employees from any and all
24  liability arising out of or in any way connected with the filing
25  of the Complaint for Forfeiture *In Rem*; the posting of the real
26  property with the Notice of Complaint and related documents; or
27  subsequent sale of the defendant real property by any of the
28  claimants.  This is a full and final release applying to all

1  unknown and unanticipated injuries, and/or damages arising out of
2  said posting, forfeiture, or sale, as well as to those now known
3  or disclosed.  The parties waive the provisions of California
4  Civil Code § 1542.
5        9.   There was reasonable cause for the filing of the
6  Verified Complaint for Forfeiture *In Rem* and the posting of the
7  real property with the Notice of Complaint and related documents,
8  and the Court may enter a Certificate of Reasonable Cause
9  pursuant to 28 U.S.C. § 2465.
10       10.  All parties are to bear their own costs and attorneys'
11 fees.
12       IT IS SO ORDERED.
13       Dated: November 24, 2008.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

### CERTIFICATE OF REASONABLE CAUSE

Pursuant to the Stipulation for Final Judgment of Forfeiture filed herein and the allegations set forth in the Verified Complaint for Forfeiture *In Rem* filed May 24, 2007 the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the filing of the Verified Complaint for Forfeiture *In Rem* and the posting of defendant property with the Notice of Complaint and related documents.

DATED: November 24, 2008.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT